UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>JACOB BARBA,<br><br>Defendant. | 5:24-CR-50066-KES<br><br><br>ORDER DENYING MOTIONS TO DISMISS |

Defendant, Jacob Barba, moves to dismiss all five counts of the Superseding Indictment charging him with making a false statement during the purchase of a firearm in violation of 18 U.S.C. §§ 922(a)(6) and 924(a)(2). Docket 44; Docket 49; Docket 50. Barba mounts two challenges to his indictment. *See* Docket 49; Docket 50. First, he argues that § 922(a)(6) is facially unconstitutional under the Supreme Court's ruling in *N.Y. State Rifle & Pistol Ass'n, Inc. v. Bruen*, 597 U.S. 1 (2022). Docket 50 at 2. Second, he argues that the language in Question 10 of Section B of the ATF Form 4473 that gun buyers must complete prior to purchase is unconstitutionally vague, and that the superseding indictment fails to state an offense. *See* Docket 49 at 4-5. The government opposes Barba's motions to dismiss, Docket 54; Docket 55, and Barba has filed replies to the government's responses, Docket 58; Docket 59. Because § 922(a)(6) does not violate *Bruen* and ATF Form 4473 is not vague, Barba's motions to dismiss are denied.

**ALLEGED FACTS**

For the purposes of these motions to dismiss, the court considers the following allegations, which were summarized by the parties in their briefs. *See* Docket 49 at 1-4; Docket 55 at 1-3. But the court reaffirms that Barba remains innocent of the charges against him, and the court takes no position on the question of his guilt or the veracity of any factual allegation presented by the government. *See Taylor v. Kentucky*, 436 U.S. 478, 483 (1978) ("The principle that there is a presumption of innocence in favor of the accused is the undoubted law, axiomatic and elementary.") (quoting *Coffin v. United States*, 156 U.S. 432, 453 (1895)).

The superseding indictment alleges that on five separate occasions, Barba completed ATF Form 4473 while seeking to purchase a series of firearms in Rapid City, South Dakota. *See* Docket 44. On Question 10 of Section B of the Form, Barba stated that his address is 809 South Street, Apt 100, Rapid City, South Dakota. *Id.* The superseding indictment against Barba alleges that this was not Barba's current address, and that Barba's repeated listing of it as his current address constituted false and fictitious written statements intended and likely to deceive the government as to a fact material to the lawfulness of Barba's acquisition of various firearms in violation of 18 U.S.C. § 922(a)(6). *Id.*

Barba first seeks dismissal on the ground that 18 U.S.C. § 922(a)(6) is facially unconstitutional in light of *Bruen*. *See* Docket 50. Barba argues that § 922(a)(6)'s prohibition against knowingly making false or fictitious statements to deceive gun vendors is tantamount to a regulation on the right to keep and

2

bear arms that is inconsistent with this Nation's historical tradition. *Id.* at 3; *see also Bruen*, 597 U.S. at 24. Barba reasons that the requirement that a gun purchaser not deceive vendors about information such as his current address—in combination with certain other statutes and regulations proscribing the sale of handguns to buyers known to live in states other than the vendor's—"make[s] it impossible for a peaceable American, who is not prohibited for any reason from possessing firearms, to purchase a handgun from a federally licensed firearms dealer unless that dealer is located in his home state." *Id.* at 3-4; *see also* 18 U.S.C. § 922(b)(3); *see also* 27 C.F.R. § 478.99(a). Because the government has not presented any historical evidence demonstrating that these residency restrictions on gun receipt and possession is consistent with founding era regulation, Barba argues that his charge under § 922(a)(6) does not satisfy *Bruen*'s requirement that "the government must affirmatively prove that its firearms regulation is part of the historical tradition that delimits the outer bounds of the right to keep and bear arms." Docket 50 at 6 (quoting *Bruen*, 597 U.S. at 19).

      Barba also seeks dismissal on the grounds that § 922(a)(6) is unconstitutionally vague on its face and as applied to Barba, and that the superseding indictment fails to state an offense. Docket 49 at 4-5. Specifically, Barba argues that the terms "residing" and "current address" are unsatisfactorily defined in ATF Form 4473, particularly for those who own multiple homes in different states. *Id.* at 7. Barba asserts that because federal and state authorities provide different definitions of the term "resident" and

3

"current address," use of the terms on the ATF Form 4473 fails to put individuals on notice of what is illegal and results in selective and arbitrary enforcement. *Id.* at 7-9. Barba also argues that because the superseding indictment fails to allege an offense against him, the superseding indictment must be dismissed. *Id.* at 16-18.

## DISCUSSION

### I.     *Bruen* Challenge

Barba's *Bruen* challenge fails because § 922(a)(6) does not impose any undue burden on keeping and bearing firearms. Rather, it prohibits lying to vendors in order to obtain those firearms. 18 U.S.C. § 922(a)(6). As the government observes in its response, Barba is far from the first to raise a *Bruen*-based challenge to § 922(a)(6). *See generally* Docket 54. The Ninth and Seventh Circuit Courts of Appeals, as well as the Western District of Texas and the District of Minnesota have reached the same conclusion: *Bruen* is inapposite to § 922(a)(6) because its proscription against misleading firearm vendors with false statements does not fall within the conduct covered by the plain text of the Second Amendment. *United States v. Manney*, 114 F.4th 1048, 1050 (9th Cir. 2024); *United States v. Scheidt,* 103 F.4th 1281, 1283 (7th Cir. 2024); *United States v. Sam*, 2024 WL 2354593, at *2 (D. Minn. May 23, 2024); *United States v. Soto*, 2023 WL 1087886 at *3 (W.D. Tex. Jan. 27, 2023); *see also Bruen*, 597 U.S. at 17 ("[W]e hold that when the Second Amendment's plain text covers an individual's conduct, the Constitution presumptively protects that conduct."). Because the Second Amendment does not protect the

4

conduct of which Barba is accused, the constitution does not presumptively protect it. *See id.* Thus, Barba's motion to dismiss Counts I-V under *Bruen* (Docket 50) is denied.

## II.   Vagueness Challenge

Barba alleges that "[d]ue to the vagueness and ambiguity of the undefined terms 'residence' and 'current address' " used in ATF Form 4473, his superseding indictment must be dismissed. Docket 49 at 5. When a statute is so unclear as to what it is applicable to such that persons of common intelligence differ as to its application and must guess as to its meaning, the statute is vague. *See Broadrick v. Okla.*, 413 U.S. 601, 607 (1973). To avoid being vague, people of ordinary intelligence should be able to know what is prohibited. *See Grayned v. City of Rockford,* 408 U.S. 104, 108-09 (1972). Similarly, to avoid the arbitrary and discriminatory enforcement by police, judges, and juries, laws must provide explicit standards for application. *See id.*

Section 922(a)(6) makes it unlawful for an individual to knowingly "make any false or fictitious oral or written statement . . . with respect to any fact material to the lawfulness of the sale." 18 U.S.C. § 922(a)(6). As it relates to this case, 18 U.S.C. § 922(b)(5) makes a firearm's sale unlawful unless the dealer notes the buyer's "place of residence" in its records. 18 U.S.C. § 922(b)(5). According to 27 C.F.R. § 478.124(c)(1), a dealer must record on ATF Form 4473 a buyer's "residence address (including county or similar political subdivision . . . [and the buyer's] state of residence." 27 C.F.R. § 478.124(c)(1). As such, ATF Form 4473 requires a buyer to provide his or her

5

"Current State of Residence and Address Number and Street Address." ATF Form 4473, Section B, Question 10; *see also* Docket 55-1 at 1. ATF Form 4473's section on "Notices, Instructions, and Definitions," reads, in part, that

> [i]f the transferee/buyer has two States of residence, the transferee/buyer should list his/her current residence address (e.g. if the transferee/buyer is purchasing a firearm while staying at his/her weekend home in State X, list the address in State X).

ATF Form 4473, Question 10 Explanation; *see also* Docket 55-1 at 4.

In its response, the government describes the 809 South Street property as a "commercial office space that contains no apartments, but rather numerous businesses. What defendant noted as 'Apt. 100' is an approximately 6' by 11' closet generally used for storage. There is no running water or bathroom within the space." Docket 55 at 1-2. The government's response states that when Barba visited Rapid City, he lived in various Airbnb locations, not his property at 809 South Street. *Id.* The government alleges that the 809 South Street address is "a closet within a commercial building where the defendant does not and has never resided." *Id.* at 6. Barba's motion does not offer a competing characterization of this property. Instead, Barba purports to demonstrate that he resided in South Dakota by noting he had a South Dakota driver's license, personal bank accounts in South Dakota, registered cars in South Dakota, car insurance in South Dakota, and that he has paid and filed taxes in South Dakota. Docket 49 at 3-4.

The definition and explanation in ATF Form 4473 equating an individual's address to the "home" where the individual is "staying" provides clarity as to the meaning of "residence" and "current address." *See* Docket 55-1

at 21. Further, when faced with similar circumstances as in this case, the district court in *United States v. Althouse,* 9:01-CR-8038-DMM, Docket 3 (S.D. Fla. 2001), used dictionary definitions to define the terms "residence" and "address" in its jury instructions. *See* Docket 55 at 8-9; Docket 55-2 at 10.[1] This court intends to do the same. These terms are not unconstitutionally vague and do not lead to selective and arbitrary enforcement. The issue of whether Barba resided at 809 South Street is a question of fact for the jury, but that issue does not make the terms "residence" and "address" ambiguous. And finally, the court disagrees with Barba that the rule of lenity applies here because there is no ambiguity, much less a grievous ambiguity, in the terms "residence" and "current address." *See United States v. Walker,* 720 F.3d 705, 708 (8th Cir. 2013) (noting that the rule of lenity "is not applicable unless there is grievous ambiguity or uncertainty in the language") (citation omitted).

Further, as the government notes, Bara incorrectly conflates the requirements of ATF Form 4473 with the requirements under § 922(a)(6), *see* Docket 55 at 5; *see also United States v. Rodriguez-DeHaro,* 193 F. Supp. 2d 1031, 1039 (E. D. Cal. 2002 ("The clarity of the ATF Form is not relevant to the contention that section 922(a)(6) is unconstitutionally vague."). While Barba may allege that he had connections to South Dakota sufficient to demonstrate his residency such that he answered ATF Form 4473 honestly based on the

---

[1] In *United States v. Althouse,* the district court defined "residence" as the "[p]lace where one actually lives or has his home" and defined "address" as "the place where the person, organization, or the like, may be found." Docket 55-2 at 10.

7

"Notices, Instructions, and Definitions" section of Form 4473, *see* Docket 49 at 8-9, 12, this issue would go to whether he knowingly made a false statement in violation of § 922(a)(6). And as the government points out, several other courts have found that § 922(a)(6) is not unconstitutionally vague. *See* Docket 55 at 5 (collecting cases). Based on the above, the court is not convinced that the superseding indictment is unconstitutionally vague on its face or as applied to Barba.

Additionally, Barba argues that the superseding indictment should be dismissed because it fails to allege an offense against him. Docket 49 at 16-18. Specifically, Barba alleges that the superseding indictment is "fatally deficient" because "it fails to allege necessary facts to support the allegation that Mr. Barba's statement on the ATF 4473 form with respect to his 'current address,' was false in response to question 10 in Section B of the form given the Notices, Definitions, and Instructions provided in the form." *Id.* at 17. Thus, Barba concludes that "[t]here are no facts pled in the [Superseding] Indictment to support the necessary element that Mr. Barba's statements to the [federally licensed firearm dealers (FFLs)] were intended and likely to deceive the FFLs as to a material fact concerning the lawfulness of the transaction." *Id.* at 17-18.

Here, however, the court agrees with the government that each count in the superseding indictment adequately alleges offenses under § 922(a)(6). Each count alleges that (1) Barba knowingly made a false written statement in ATF Form 4473; (2) Barba made the statement to a FFL dealer; and (3) Barba's statement was intended or likely to deceive the firearms dealer with respect to a

8

fact material to the lawfulness of the sale of the firearm to Barba. *See* Docket 44. The language in the superseding indictment tracks the elements for a charge under § 922(a)(6). *See* 8th Cir. MJI § 6.18.924. Further, each count puts Barba on notice that his statement concerning his address is the allegedly false statement. *See* Docket 44. And as the government notes, several courts have found "that false statements regarding addresses, names, and other information are misrepresentations material to the lawfulness of the sale of firearms under § 922(a)(6)." Docket 55 at 15 (quoting *United States v. Frazier*, 605 F.3d 1271, 1279 (11th Cir. 2010). As such, Barba's motion to dismiss Counts I-V of the superseding indictment on the basis that ATF Form 4473 is unconstitutionally vague or that the superseding indictment fails to state an offense against him (Docket 49) is denied.

## CONCLUSION

For the above reasons, it is

ORDERED that Barba's motion to dismiss Counts I-V of the Superseding Indictment (Docket 49) is denied. It is

FURTHER ORDERED that Barba's motion to dismiss Counts I-V of the Superseding Indictment (Docket 50) is denied.

Dated October 29, 2025.

        BY THE COURT:

        /s/ *Karen E. Schreier*
        KAREN E. SCHREIER
        UNITED STATES DISTRICT JUDGE