UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>JACOB BARBA,<br><br>Defendant. | 5:24-CR-50066-KES<br><br>ORDER DENYING MOTION FOR RELEASE PENDING APPEAL |

Defendant, Jacob Barba, moves for release pending appeal pursuant to 18 U.S.C. § 3143(b). Docket 100. Barba contends that he is entitled to release pending appeal because his appeal presents substantial legal questions which, if resolved in his favor, would likely result in reversal of his conviction or dismissal of the charge under 18 U.S.C. § 922(a)(6). *Id.* at 1. Barba also requests a stay of surrender pending a final ruling on his appeal by the Eighth Circuit. *Id.* at 3. The United States resists Barba's motion. Docket 101. The court issues the following order.

**DISCUSSION**

On November 3, 2025, Barba pleaded guilty to three counts of the Superseding Indictment that charges him with making a false statement during the purchase of a firearm. Docket 73; *see also* Docket 76 (order adopting Report and Recommendation on guilty plea). In his plea agreement, Barba preserved for appeal the court's adverse rulings on his motions to dismiss. Docket 68 at 11. On February 13, 2026, the court sentenced Barba to 15

months imprisonment on each count, with the sentences to run concurrently. *See* Dockets 88 and 91. Barba filed a timely notice of appeal regarding his preserved issues on February 23, 2026. Docket 95.

Even after a criminal defendant has filed a notice of appeal, a district court retains jurisdiction to consider a subsequent motion because 18 U.S.C. § 3143(b) grants the court limited authority to resolve the matter. *See United States v. Sampica*, 2015 WL 4247148, *1 (D. Minn. 2015); *see also United States v. Meyers*, 95 F.3d 1475, 1488 n.6 (10th Cir. 1996) ("Although the filing of a notice of appeal usually divest[s] the district court of further jurisdiction, the initial determination of whether a convicted defendant is to be released pending appeal is to be made by the district court.").

Under 18 U.S.C. § 3143(b), a court must order that a defendant who has been found guilty of an offense and sentenced to a term of imprisonment be detained. 18 U.S.C. § 3143(b)(1). But the court may release the defendant if the defendant has filed an appeal and the court finds (1) by clear and convincing evidence the person is not likely to flee or pose a danger; (2) the appeal is not for purpose of delay; and (3) the appeal raises a substantial question of law or fact likely to result in reversal, a new trial, a sentence that does not include imprisonment, or a reduced sentence to a term less than the expected duration of the appeal. *Id.* § 3143(b)(1)(A)-(B).

In addition to the statutory language favoring detention, the Eighth Circuit has emphasized that release pending appeal under § 3143(b) is a narrow exception. The Eighth Circuit has explained that "[t]he Bail Reform Act

of 1984 made it much more difficult for a convicted criminal defendant to obtain his release pending appeal," reflecting Congress's intent "that fewer convicted persons remain at large while pursuing their appeals." *United States v. Marshall*, 78 F.3d 365, 366 (8th Cir. 1996) (per curiam) (quoting *United States v. Powell*, 761 F.2d 1227, 1231 (8th Cir. 1985) (en banc)). As such, the Eighth Circuit requires a defendant to show that the appeal presents a "close question"—not merely "that reasonable judges could differ"—on an issue so central to the merits of the conviction that it is more likely than not that a favorable decision would result in reversal or a new trial. *Id.* (quoting *Powell*, 761 F.2d at 1234). A defendant bears the burden of establishing that he is entitled to release pending appeal. *Powell*, 761 F.2d at 1232; *see also* Fed. R. App. P. 9(c).

Barba argues that he satisfies the first prong because he was released on pre-trial conditions at his initial appearance and has remained on pre-trial release through his conditional guilty plea and after sentencing. Docket 100 at 2. He contends that his 15-month sentence, coupled with First Step Act credit and the likelihood of release to community confinement or home detention at least six months before the official release date, means that, without release pending appeal, he will have served the custodial portion of his sentence before the appeal is resolved. *Id.* Barba further notes that he has surrendered the relevant firearms to the United States, as required by the judgment. *Id.*

Barba also contends that his reserved appellate issues are "substantial." *Id.* These issues include an as-applied vagueness challenge to ATF Form 4473,

Question 10, questions of statutory construction, and the application of the rule of lenity. *Id.* at 2-3. He argues that no controlling Eighth Circuit precedent addresses the as-applied vagueness of "Current Address" as alleged in the redacted superseding indictment. *Id.* at 3. Barba maintains that the proposed jury instructions are unsupported by any statutory authority and conflict with the ordinary grammatical reading of Question 10, from which his alleged false statement arises. *Id.*

The United States contends that Barba remains a flight risk, as evidenced by his placement on electronic monitoring throughout the pretrial period. Docket 101 at 3. The United States attributes this, in part, to Barba's failure to provide truthful information to the probation office before trial. *Id.* Even during his presentence investigation interview, the United States explains that Barba reportedly provided false information regarding his employment, claiming to own a multi-million-dollar business when, in fact, he had little or no role in the company. *Id.* The United States further notes that, at sentencing, it presented evidence that Barba falsified other documents to obtain firearms in South Dakota, including a concealed carry permit application and a South Dakota hunting license, despite admitting in the Factual Basis Statement that he was residing in California at the time. *Id.* Additionally, the United States points to the Presentence Investigation Report and indicates that Barba has access, through his wife, to substantial financial resources. *Id.*

The United States further argues that the issues Barba seeks to raise on appeal are not "substantial" within the meaning of 18 U.S.C. § 3143(b). *Id.* at 4.

It explains that Barba's preserved arguments—that the terms "residence" and "address" in ATF Form 4473 are vague and ambiguous—have already been rejected by this court and other courts, confirming that the issue is not "substantial" for purposes of § 3143(b). *Id.* The United States also notes that the Superseding Indictment tracked the language of § 922(a)(6) and that the court properly determined that whether Barba knowingly made false statements was a question for the jury. *Id.* at 4-5. That question, the United States asserts, is no longer open, because Barba admitted in the factual basis statement supporting his guilty pleas that he never resided at the address he had put on ATF Form 4473, and that he had flown in from Los Angeles, California and had been staying at an Airbnb in Rapid City. *Id.* at 5. Thus, he admitted knowingly making false statements on the form regarding his address and residence. *Id.* In the United States's view, the issues Barba preserved do not present a "substantial" question so integral to the merits of his convictions that a favorable ruling would more likely than not result in reversal or a new trial. *Id.* For the same reasons outlined above, the United States argues that Barba's motion for a stay of surrender pending his appeal should be denied. *Id.* at 6.

Barba's motion for release pending appeal is denied. As to the first prong, the court is not persuaded that Barba has demonstrated by clear and convincing evidence that he is not likely to flee. Although Barba remained on pretrial release before he pleaded guilty, that release was subject to electronic monitoring. *See* Docket 28 at 1. The United States attributes the monitoring, at

least in part, to Barba's failure to provide truthful information to the probation office. Docket 101 at 3. The record further reflects that Barba provided inaccurate information regarding his employment during the presentence investigation interview and that the United States presented evidence at sentencing that Barba falsified additional documents that were then used to obtain firearms in South Dakota while residing in California. The Presentence Investigation Report also indicates that Barba has access to substantial financial resources through his wife. Docket 87 ¶ 72. These circumstances bear directly on Barba's candor, compliance with court-imposed conditions, and ability to flee. On this record, Barba has not carried his burden of establishing by clear and convincing evidence that he poses no risk of flight.

Even if Barba could satisfy the first requirement, he has not demonstrated that his appeal raises a "substantial" question within the meaning of § 3143(b) as interpreted by the Eighth Circuit. The issues he preserved—an as-applied vagueness challenge to ATF Form 4473, questions of statutory construction, and the rule of lenity—were previously considered and rejected by this court. Docket 66 at 5-9. The court concluded that the language of Form 4473 is not vague or ambiguous and that the Superseding Indictment tracked the language of 18 U.S.C. § 922(a)(6). *Id.* at 6-9. Several other courts have found that § 922(a)(6) is not unconstitutionally vague. *Id.* at 8. The fact that Barba disagrees with those rulings does not render the questions "close." Nor has Barba shown that a favorable ruling would more likely than not result in reversal or a new trial, particularly in light of his admissions in the factual

basis statement that he signed in support of his guilty pleas. *See* Docket 69.

Barba's argument that he may complete the custodial portion of his sentence before his appeal is resolved does not alter the analysis. Section 3143(b) does not permit release based solely on the length of a sentence relative to the anticipated duration of the appeal. Rather, it requires satisfaction of each statutory element, including the existence of a substantial question likely to result in one of the specified forms of relief. Barba has not made such a showing. Thus, Barba's motion for stay of his surrender date also fails.

Because Barba has failed to satisfy the requirements of § 3143(b), his motion for release pending appeal and his related request for a stay of surrender is denied.

**CONCLUSION**

For the above reasons, it is

ORDERED that Barba's motion for release pending appeal (Docket 100) is denied. It is

FURTHER ORDERED that Barba's request for stay of surrender pending a ruling by the Eighth Circuit Court of Appeals (Docket 100) is denied.

Dated March 3, 2026.

BY THE COURT:

/s/ *Karen E. Schreier*
KAREN E. SCHREIER
UNITED STATES DISTRICT JUDGE